UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMTRUST INTERNATIONAL UNDERWRITERS LIMITED, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-707-L-WVG<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SERVE RUSSELL MCAVOY BY PUBLICATION** |
|---|---|

In this insurance coverage dispute, Plaintiff filed a motion to serve Defendant Russell McAvoy by publication in the Mojave Valley Daily News. For the reasons which follow, Plaintiff's motion is denied without prejudice.

Federal Rule of Civil Procedure 4(e)(1) allows for service of process on an individual "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." It is pursuant to this provision that Plaintiff requests leave to serve McAvoy by publication, as provided in California Code of Civil Procedure Section 415.50(a). Section 415.50(a) provides in pertinent part:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [¶] A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action. . . .

Plaintiff hired a process server to personally serve McAvoy at what was believed to be his residence address, but to no avail. Plaintiff searched public records on three occasions to find McAvoy's address and attempted service at four additional addresses in California and Arizona, but was again unsuccessful. Plaintiff checked the docket in the underlying state court construction defect action to locate McAvoy's service address in that case, and contacted McAvoy's previous and current counsel to inquire whether they would accept service or provide McAvoy's address. The address where McAvoy was previously served was no longer good, and his counsel would not accept service or provide information. Plaintiff also inquired with, but received no response, from the counsel representing McAvoy's construction company. Search of the California Contractors State License Board resulted in a business address which proved to be incorrect. Plaintiff sent a letter to McAvoy's business address, a P.O. box, requesting him to waive service of process under Rule 4(d), but no response was received. (Doc. at 24-2, Decl. of Kristian B. Moriarty.)

"[C]onstitutional principles of due process of law, as well as the authorizing statute, require that service by publication be utilized only as a last resort." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal citations omitted). The term "reasonable diligence" used in section 415.50(a)

> denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney. A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives and by investigation of appropriate city and telephone directories, voter registries and assessor's office property indices

> situated near the defendant's last known location, generally are sufficient. These are the likely sources of information, and consequently must be searched before resorting to service by publication. Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.

*Id*. (internal quotation marks, ellipses, brackets and citations omitted).

Although Plaintiff has demonstrated diligent efforts to serve McAvoy, the Court cannot find that the efforts were exhaustive. For example, it does not appear that Plaintiff made any effort to inquire with William Lyle Hukill, the other officer in McAvoy's construction company. The declaration filed in support of the pending motion references a number of exhibits; however, some of the service attempts are not supported by the process server's affidavit. Finally, Plaintiff requests service by publication in an Arizona newspaper. While this does not appear unreasonable, as McAvoy resided in Arizona, Rule 4(e)(1) requires compliance with the "state law for serving summons . . . in the state . . . where service is made." Plaintiff has briefed exclusively California law on service by publication and has not addressed the issue why California law should apply to service in Arizona.

For the foregoing reasons, Plaintiff's motion for service by publication is denied without prejudice. Pursuant to Rule 4(m), the time to serve McAvoy is extended. No later than October 29, 2018, Plaintiff shall file a proof of service of summons evidencing service on McAvoy or a new motion for leave to serve by publication, provided that the defects noted herein are cured.

**IT IS SO ORDERED.**

Dated: October 1, 2018

_____
Hon. M. James Lorenz
United States District Judge