UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>AMTRUST INTERNATIONAL UNDERWRITERS LIMITED, *et al.*,<br><br>        Defendants;<br>————————————————<br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | Case No. 3:18-cv-707-L-WVG<br><br>**ORDER GRANTING MOTION TO STAY** |

     Pending before the Court in this insurance action is a motion to stay filed by Defendants and Cross-Defendants McAvoy Construction, Inc. and Russell McAvoy (collectively "McAvoy"). Plaintiff/Counter-Defendant Capitol Specialty Insurance Corporation ("Capitol") and Defendant/Counterclaimant/Cross-Claimant AmTrust International Underwriters Limited ("AmTrust," collectively "Insurers") each filed an opposition. McAvoy replied. For the reasons which follow, McAvoy's motion to stay is granted.

/ / / / /

In May 2013, McAvoy was retained by the Ellen Joy Marks Trust ("Marks") as a general contractor on a custom residential project located in San Diego. The project was to pass final inspection and be substantially completed around September 2014. Due to alleged faulty work, the final inspection did not take place until November 2015. In March 2016, Ms. Marks moved into the residence although the project was still not completed. In addition to prior defective work which had not been remedied, after moving in, Ms. Marks discovered new defects. She also found that major and minor work remained to be done. On August 11, 2016, she sent a notice of breach and a demand to cure to McAvoy. On November 14, 2016, she filed a construction defect lawsuit in state court captioned *Marks v. McAvoy Construction, Inc. et al.*, San Diego County Superior Court case no. 37-2016-00039955-CU-BC-CTL, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, building code violations, negligence and accounting (the "Underlying Action"). She produced a 23-page list of defects which she attributed to McAvoy and its numerous subcontractors.

McAvoy tendered the defense of the Underlying Action to its Insurers. AmTrust had issued commercial general liability policies to McAvoy with effective dates of June 30, 2014 to June 30, 2016. Capitol had issued a commercial general liability policy with effective dates of May 6, 2016 to May 6, 2017. Capitol agreed to defend McAvoy with a reservation of rights.

Shortly thereafter, Capitol filed the instant action against McAvoy and AmTrust seeking a declaratory judgment of no duty to defend and no duty to indemnify McAvoy, declaratory judgment that AmTrust had a duty to defend, as well as equitable contribution and indemnity from AmTrust. After this action was filed, AmTrust agreed to defend McAvoy in the Underlying Action and reimburse Capitol for an equitable share of the defense costs, both with a reservation of rights. In this action, AmTrust cross-claimed against McAvoy seeking a declaratory

judgment of no duty to defend and no duty to indemnify and reimbursement of defense costs. AmTrust also counterclaimed against Capitol seeking a declaratory judgment of no duty to defend and no duty to indemnify as well as equitable contribution. The Court has diversity jurisdiction over all claims pursuant to 28 U.S.C. §1332.

McAvoy filed the pending motion requesting the Court to stay this action pending the resolution of the Underlying Action. The motion is based primarily on the overlap in factual issues and duplicative discovery. Both Insurers oppose. Although they concede that liability and coverage actions always entail a certain amount of factual overlap, they argue that this action should not be stayed. At the very least, they claim, they should be allowed to file summary judgment motions on the duty to defend issues, which, according to them, can be resolved completely separate and apart from the Underlying Action.

The Declaratory Judgment Act, 28 U.S.C. §2201, confers on federal courts

> unique and substantial discretion in deciding whether to declare the rights of litigants. On its face, the statute provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration" . . .. The statute's textual commitment to discretion, and the breadth of leeway . . . distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface. [It is] an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.

*Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995) (emphasis in original, quoting 28 U.S.C. §2201(a); other citations and internal quotation marks omitted). "Consistent with the nonobligatory nature of the remedy, a district court is authorized . . . to stay or dismiss an action seeking declaratory judgment." *Id.* at 288. As requested here, a stay is often preferable to dismissal "because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Id.* n.2. When parallel state

court proceedings are pending, "presenting an opportunity for ventilation of the same state law issues," the district court may stay the case in federal court to allow for completion of the state court case. *Id.* at 290 (discussing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491 (1942)). "[F]ederal courts should generally decline to entertain reactive declaratory actions." *R.R. Street & Co. Inc. v. Transport Ins. Co.,* 656 F.3d 966, 976 (9th Cir. 2011). Three factors first articulated in *Brillhart* bear upon the decision whether to stay (or dismiss) a declaratory relief action: avoiding needless determination of state law issues; discouraging forum shopping; and avoiding duplicative litigation. *Id.* at 975.

The pending action presents insurance coverage and contribution issues while the Underlying Action presents liability issues. All claims are asserted under California law. Neither the parties named, nor the legal claims alleged in the Underlying Action and in this coverage action are identical. The Insurers latch on to this and claim that at least the duty to defend issues are independent of the issues raised in the Underlying Action. In their opposition briefs both Insurers point to their respective definitions of occurrence and pre-existing occurrence exclusions, arguing that the timing of the alleged damage is central to their duty to defend claims while irrelevant to any claims raised in the Underlying Action.

The Insurers' opposition is based on an oversimplified view of construction defect litigation, especially in light of the 23-page list of defects produced by Marks, which attributes the defects not only to McAvoy but also to its numerous subcontractors. It is beyond question that the Underlying Action will entail litigation of each alleged defect. It seems patently unnecessary to cover the same ground in this action, even if, as Insurers contend, all they are interested in in this action is the timing of each defect.

Moreover, upon review of Capitol's complaint and AmTrust's cross-claim, it is apparent that the Insurers intend to litigate their duties to defend on additional

grounds than merely the timing of each occurrence, which grounds they intend to present "based on the . . . evidence, documents, testimony, expert reports, and other information developed in the Underlying Action." (*See, e.g.,* doc. no. 1 at 10; *see also id.* at 10-11; doc. no. 8 at 11-12.) The actions are therefore intertwined at the point of factual issues with direct bearing on the declaratory relief claims presented in this Court.

Finally, "[t]he differences in factual and legal issues between the state and federal court proceedings are not dispositive." *Polido v. State Farm Mut. Auto Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997), overruled on other grounds in *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998). This is because the Insurers "could have presented the issues [they] brought in federal court in a separate action to the same court that will decide the underlying tort action." *Polido*, 110 F.3d at 1423. The dispositive question is "whether there was a procedural vehicle available to the insurance company in state court to resolve the issues raised in the action filed in federal court." *Id.* The Insurers have presented no reason, and the Court is aware of none, why they could not have raised the same coverage issues in a declaratory relief action filed in state court. The issues presented here could be "ventilated" in the Underlying Action.

/ / / / /

For the foregoing reasons, the *Brillhart* factors favor staying this action pending the conclusion of the Underlying Action.[1]  McAvoy's motion to stay is granted as follows:

1.     This action is stayed pending the conclusion of *Marks v. McAvoy Construction, Inc. et al.*, San Diego County Superior Court case no. 37-2016-00039955-CU-BC-CTL ("Underlying Action").

2.     No later than ninety (90) days of the filing of this Order or entry of final judgment in the  Underlying Action, whichever first occurs, Capitol Specialty Insurance Corporation and AmTrust International Underwriters Limited shall jointly file a status report advising this Court of the status of the Underlying Action. Failure timely to comply with this provision may result in the dismissal of this action, including the counterclaims and cross-claims.

**IT IS SO ORDERED.**

Dated:  October 31, 2019

Hon. M. James Lorenz
United States District Judge

---

[1]     Although the Court may also consider other factors, "the three *Brillhart* factors remain the philosophic touchstone." *Dizol*, 133 F.3d at 1225.  The other factors are "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (quoting *Dizol*, 133 F.3d at 1225 n.5).  None of the foregoing factors counsel against granting McAvoy's motion.